**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4831**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SELEDONIO MARTINEZ, a/k/a Seledonio Martinez-Gonzalez, a/k/a Jose Alberto
Alicea-Huertas,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at
Raleigh.  James C. Dever III, District Judge.  (5:18-cr-00111-D-1)

Submitted: July 29, 2020                    Decided:  August 18, 2020

Before WILKINSON, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public
Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina,
for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker,
Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY,
Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Seledonio Martinez appeals his 46-month prison sentence after pleading guilty to illegal reentry of an alien, who was removed from the United States subsequent to a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1) (2018). On appeal, Martinez contends that his sentence is not substantively reasonable. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of 'whether [the sentence is] inside, just outside, or significantly outside the Guidelines range.'" *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We first consider "whether the district court committed any procedural error, such as improperly calculating the Guidelines range, failing to consider the § 3553(a) factors, or failing to adequately explain the chosen sentence." *Id.* (citation omitted). "If the Court 'find[s] no significant procedural error, [it] then consider[s] the substantive reasonableness of the sentence imposed.'" *United States v. Arbaugh*, 951 F.3d 167, 172 (4th Cir. 2020) (citation omitted); *see also United States v. Provance*, 944 F.3d 213, 215 (4th Cir. 2019) (we must review procedural reasonableness of sentence before addressing substantive reasonableness).

"When considering the substantive reasonableness of a prison term, we 'examine[] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a).'" *Arbaugh,* 951 F.3d at 176 (citation omitted); *see also Gall*, 552 U.S. at 59-60 (an appellate court must give due deference to a district court's "reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence"). We presume that a sentence

2

within or below the Guidelines range is substantively reasonable. *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018) (citation omitted). A defendant can only rebut the presumption by showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

We have reviewed the record and conclude that Martinez's sentence is procedurally and substantively reasonable. On appeal, Martinez does not assert any procedural error but contends that his sentence at the top of his Guidelines range is greater than necessary to comply with the purposes of sentencing and therefore substantively unreasonable.

In the district court, Martinez asked for a sentence at the bottom of his Guidelines range or lower based on his early cooperation. In his allocution, he explained that he came back to the United States because he was in fear for his life. The Government asked for a sentence at the high end of the range based on his criminal history, and in particular, his state conviction, after being deported and illegally returning, for second degree kidnapping and sexual battery of a child under the age of 16. The court found that a sentence at the high end of the Guidelines range was sufficient but not greater than necessary to comply with the purposes under 18 U.S.C. § 3553(a). The court considered his concern about his life in El Salvador but noted he did not follow the process for entering the country legally. Moreover, it found his criminal conduct after illegally returning was very concerning; and there was a need to incapacitate him and provide just punishment for his serious offense conduct. It considered his request for a lower sentence but found it would not be sufficient in his case. On appeal, he contends that the totality of the circumstances do not support a sentence at the top of the range. Based on our review, we conclude that he fails to rebut

3

the presumption that his sentence is reasonable; and we defer to the district court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*